UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

YURIY PISKUNOV,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. C17-1137 RSM

ORDER DISMISSING CASE

The Court, after careful consideration of Plaintiff's Complaint, the parties' briefs, all papers and exhibits filed in support and opposition thereto, the Report and Recommendation ("R&R") of the Honorable James P. Donohue, Plaintiff's Objections to the R&R, the government's response to those Objections, and the balance of the record, does hereby find and ORDER:

(1) The Court ADOPTS the Report and Recommendation. Plaintiff objects only to that portion of the R&R in which Judge Donohue determined that the ALJ's error in failing to address his treating chiropractor's opinion was harmless. *See* Dkts. #17 at 9-10 and #18. Plaintiff asserts that the ALJ's failure to consider the opinion was not harmless error because the jobs cited by the ALJ in his decision are all light jobs which would require the ability to lift more than ten pounds. Dkt. #18 at 5. Plaintiff

ORDER DISMISSING CASE
PAGE - 1

further asserts that because the ALJ did not adopt the vocational expert's testimony that there were sedentary jobs Plaintiff could perform, the Court cannot affirm the ALJ's decision on that basis. Dkt. #18 at 5. The Court is not persuaded by Plaintiff.

The entirety of Plaintiff's argument with respect to Dr. Borisenko's opinion is as follows:

> The record shows that Plaintiff has had long term treatment by chiropractor Slava Borisenko, D.C. Tr. 409-561, 692-708. In February 2014, Dr. Borisenko wrote a letter describing his examination and treatment of Plaintiff. Tr. 507-07. Dr. Borisenko concluded that Plaintiff was not able to lift over ten pounds. Tr. 506.
>
> Dr. Borisenko is not an acceptable medical source under Social Security's rules, but he is a medical source. Adjudicators generally should explain the weight given to such sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a reviewed to follow the ALJ's reasoning when such opinions may have an effect on the outcome of the case. 20 C.F.R. 404.1527(f)(2).
>
> The ALJ erred because he failed to even mention Dr. Borisenko's opinion in his decision. **This is significant because the vocational expert testified that if Plaintiff could not lift more than ten pounds he would not be able to perform any of the light jobs he identified. Tr. 80.**
>
> Plaintiff requests remand for further consideration of Dr. Borisenko's opinion.

Dkt. #12 at 7-8 (emphasis added).

However, the vocational expert identified sedentary jobs and stated that a person limited to sedentary work with the other limitations found in Plaintiff's residual functional capacity would be able to perform the jobs of charge-account clerk, call-

out operator, and table worker. Tr. 77–78. Plaintiff has failed to demonstrate that he could not do the other jobs the vocational expert cited.

Judge Donohue concluded that the vocational expert's testimony ultimately supported the ALJ's finding that Plaintiff could perform other work, even considering the unaddressed sedentary limitation. Dkt. #17 at 9-10. Plaintiff's reliance on *Bray* does not compel a different conclusion. In that case, the Ninth Circuit found that the ALJ's decision could only be supported through *post hoc* reasoning because the vocational expert's testimony did not provide the evidence to support the necessary findings. In this case, however, the vocational expert did testify that a person with the limitations the ALJ found but further limited to sedentary work would be able to perform other work. Tr. 77–78. Thus, the Court agrees with the government that no inferences need be drawn and no new grounds need be provided; the testimony is clear.

Finally, even if this Court credited Plaintiff's argument that two of the three sedentary jobs were beyond his residual functional capacity, the remaining job cited by the ALJ – table worker – numbered over 100,000 jobs nationally, which exceeds numbers that the Ninth Circuit has upheld as reasonable. *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (64,000 jobs nationally was significant). Accordingly, this Court agrees that any error was harmless.

(2) The final decision of the Commissioner is AFFIRMED and this case is dismissed with prejudice.

(3) The Clerk of the Court is directed to send copies of this Order to the parties and to Judge Donohue.

DATED this 13th day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE